J-S19028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  : PENNSYLVANIA
                                                  :
               v.                                :
                                                  :
                                                  :
CODY EDWARD SAUM               :
                                                  :
             Appellant                : No. 1523 MDA 2023

Appeal from the Judgment of Sentence Entered October 16, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000168-2023

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

JUDGMENT ORDER BY BECK, J.:        **FILED: AUGUST 4, 2025**

The matter returns to this Court following the Pennsylvania Supreme Court's decision in **Commonwealth v. Shifflett**, 335 A.3d 1158, 1176 (Pa. 2025). Cody Edward Saum ("Saum") appeals from the judgment of sentence imposed by the Adams County Court of Common Pleas ("trial court") following his conviction of driving under the influence ("DUI") and obstructing administration of law.[1] On appeal, he argues that the trial court erred in determining that his DUI conviction should be treated as his second offense as he completed Accelerated Rehabilitative Disposition ("ARD") for his first

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1), 5101.

DUI offense.[2] Following then-existing precedent holding that a prior DUI for which a defendant accepted ARD may lawfully be considered a "prior offense" for sentencing on a subsequent DUI,[3] this Court initially affirmed Saum's judgment of sentence in a non-precedential decision entered on July 18, 2024.[4] *Commonwealth v. Saum*, 324 A.3d 1243 (Pa. Super. 2024) (non-precedential decision), *vacated*, ___ A.3d ___, 2025 WL 1774830 (Pa. June 27, 2025) (per curiam).

On May 30, 2025, however, our Supreme Court issued its decision in *Shifflett*, wherein it held:

> [B]ecause acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in *Apprendi* and *Alleyne*[5] was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in *Apprendi*

---

[2] Saum was sentenced pursuant to section 3804 of the Motor Vehicle Code, which sets forth mandatory minimum sentences for first, second, and third or subsequent DUI convictions. 75 Pa.C.S. § 3804. Pursuant to section 3806, a prior DUI for which a defendant accepted ARD was included as a "prior offense." 75 Pa.C.S. § 3806(a)(1).

[3] *See Commonwealth v. Richards*, 284 A.3d 214, 220 (Pa. Super. 2022) (en banc), *appeal granted*, 294 A.3d 300 (Pa. 2023), *abrogated by Shifflett*, 335 A.3d at 1176; *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022) (en banc); *vacated*, ___ A.3d ___, 2025 WL 1774792 (Pa. June 27, 2025).

[4] The facts of the case can be viewed in our prior decision. *See Saum*, 324 A.3d 1243, at *1.

[5] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013).

and *Alleyne*. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under [s]ection 3806 to increase the penalty for a subsequent conviction pursuant to [s]ection 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

***Shifflett***, 335 A.3d at 1175. It thus vacated our original decision and remanded the matter for reconsideration in light of ***Shifflett***.

We now conclude, based on ***Shifflett***, that the trial court erred in considering Saum's prior ARD-DUI as a prior offense under Pennsylvania's DUI statute and grading Saum's instant conviction of DUI as his second offense. The record reflects that the Commonwealth presented no evidence regarding Saum's prior DUI to the factfinder[6] and thus, the prior DUI was not proven beyond a reasonable doubt.

Judgment of sentence reversed. Case remanded for resentencing. Jurisdiction relinquished.

---

[6] Saum's case was decided by stipulated bench trial.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/4/2025